IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH PRITCHETT, #277934,      *
                                 *
        Plaintiff,               *
                                 *    CIVIL ACTION NO.
vs.                              *    2:12-00084-CG-B
                                 *
ROBERT BATES, *et al.*,          *
                                 *
        Defendants.              *

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of Plaintiff's action, it is recommended that Defendant Hardaway be dismissed with prejudice from this action because the claims against him are frivolous and that Defendant Bates be dismissed without prejudice from this action because the claims against him fail to state a claim upon which relief can be granted. It is further recommended that this action be dismissed in its entirety, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.  Amended Complaint. (Doc. 4).

The complaint before the Court is a Court-ordered, superseding Amended Complaint, which Plaintiff was directed to

file because his original complaint was not on this Court's
required form for prisoner § 1983 complaints. (Docs. 3, 4).  In
the Amended Complaint, Plaintiff names as Defendants Judge
Hardaway, Circuit Court Judge of Marengo County, Alabama,[1] and
Robert Bates, Sheriff of Marengo County. (Doc. 4 at 5).

Plaintiff alleges that these Defendants are falsely
imprisoning him.  According to Plaintiff, on August 27, 2011,
Judge Hardaway dismissed his manslaughter conviction but
Plaintiff was incarcerated with the Alabama Department of
Corrections ("ADOC") for seven months prior to the dismissal,
and he remains incarcerated with ADOC. (Id. at 4, 5, 6; Doc. 6
at 1).  Plaintiff contends that although his criminal conviction
was dismissed, Defendant Bates has not responded to the
dismissal, and Plaintiff has remained either at the jail or in
the custody of the Alabama Department of Corrections, with
Defendant Hardaway not "push[ing] for relief" for him. (Doc. 1
at 4).  Plaintiff also asserts that, "This incident occurred in
Marengo County; however, the plaintiff be incarcerated in
Alabama D.O.C. since dismissal." (Doc. 4 at 5).  Plaintiff also
mentions that he has filed a "mandamus" and "has file[d] in the
state court and Marengo County for relief[,]" with them "now . .
. request[ing] a[] 90 day extension for any documents or

_____

[1]  Ala. Legal Directory, p. 73 (2012).

2

litigation [that has] been file[d] upon this claim." (Doc. 1 at 4-5).

For relief, Plaintiff seeks damages of $50,000 a day for his false imprisonment and to have his records in Alabama expunged. (Id. at 7).

Subsequent to filing his Amended Complaint, Plaintiff sent a letter to the Court, and attached thereto is a copy of an August 17, 2011 order entered by Judge Hardaway in Plaintiff's criminal case. (Doc. 6 at 2). The order reflects that the State filed a motion for dismissal of the manslaughter conviction, which was granted. (Id.).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id., 490 U.S. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

When considering a pro se litigant's allegations, a court

4

gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

**A.  Claims Against Defendant Judge Hardaway.**

Plaintiff names Judge Hardaway, a state circuit court judge, as a Defendant. In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331

(1978) (quotation omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. Stump, 435 U.S. at 356.

According to Plaintiff, Judge Hardaway granted a motion to dismiss Plaintiff's manslaughter conviction. (Doc. 6 at 2). As a circuit court judge, Judge Hardaway rules on motions connected to criminal cases. See ALA. CODE § 12-11-30 ("The circuit court shall have exclusive original jurisdiction of all felony prosecutions . . . .). Ruling on a motion in a criminal case is a function that a Judge typically performs. Plaintiff also avers that Judge Hardaway did not "push for relief." (Id. at 4). This statement is not clear; nonetheless, to the extent Plaintiff means that the Judge did not advocate for him, that is not the role of the Judge. Thus, this statement does not present a plausible claim and as a result, it is subject to dismissal for failure to state a claim. Iqbal, 556 U.S. at 678 ("mere conclusory statements[] do not suffice"). Accordingly, the first prong of the Stump immunity test requiring a Judge to have acted in his or her judicial capacity is met as Judge Hardaway ruled on a motion.

The next prong of the Stump test is whether Defendant Hardaway acted in the "clear absence of all jurisdiction."

Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357).   An Alabama circuit court judge has exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12-11-30(2) (1996).   And the crime of manslaughter, for which Plaintiff was convicted, is a Class B felony. ALA. CODE § 13A-6-3 (1977).   Clearly, Judge Hardaway was acting within his jurisdiction as a circuit court judge when he granted the State's motion for dismissal of Plaintiff's manslaughter conviction.

Because both prongs of the Stump test are satisfied, Judge Hardaway is entitled to absolute judicial immunity from Plaintiff's damages claims.   Accordingly, Plaintiff's damages claims against Judge Hardaway are frivolous as a matter of law and are due to be dismissed.

In addition to a request for damages, Plaintiff requested that his conviction be "expunged from his records in Alabama." (Doc. 4 at 7).   Although a Judge has absolute judicial immunity from damages in a § 1983 action, prospective injunctive is available, Pulliam v. Allen, 466 U.S. 522, 536-43, 104 S.Ct. 1970, 1977-82, 80 L.Ed.2d 565 (1984), when "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see Muhammad v. Bethel-Muhammad, 2012 WL 1854564, at *4 (S.D. Ala. May 21, 2012) (unpublished).

In the case at hand, Plaintiff has specified that he wants

his conviction expunged.   A Circuit Court Judge under Alabama law, however, is not authorized to expunge a conviction. See Ex parte City of Dothan, 18 So. 3d 930, 935 (Ala. 2009) (finding §§ 41-9-645 and 646 of the Alabama Code only allow for the purging, modifying, or supplementing of records, not expunction); State v. Blane, 985 So. 2d 384, 386-88 (Ala. 2007) (same); Jackson v. State, 993 So. 3d 491, 493 (Ala. Civ. App. 2008) (same).   Thus, Plaintiff's request for expunction of his conviction is frivolous.   Accordingly, the claims against Judge Hardaway are due to be dismissed from this action as frivolous.

**B.  Claims Against Defendant Sheriff Robert Bates.**

Plaintiff identifies his claim against Defendant Bates as one for false imprisonment.   Plaintiff's allegations concerning this Defendant are few, disjointed, and void of critical information.   In reviewing the small amount of information pertinent to the false imprisonment claim against Sheriff Bates, the Court finds that Plaintiff stated that "[a]fter doing 7 months in prison the case was dismissed[,]" (Doc. 6 at 1), which was on August 27, 2012, (Doc. 4 at 4, 7), and that he has been incarcerated "in Ala. D.O.C. since dismissal." (Id. at 5).   The only reference to a jail is the statement that "[i]t's been 7 months since the case was dismissed by the court, yet [he] has sat in the county jail and the D.O.C.   Sheriff [B]ates has not

8

responded to the dismis[s]al nor has[s] he made [sic] effort for relief[.]"  (Id. at 4).

According to Alabama law, the sheriff is charged with operating a county jail. ALA. CODE § 14-6-1 (the sheriff "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."). Plaintiff has not made the connection in his allegations; however, the Court is aware of the Sheriff's responsibility under the statute and is including Plaintiff's reference to the jail in its consideration of the claims against Sheriff Bates.

However, the burden is on Plaintiff to plead a claim that is plausible against Sheriff Bates.  In reviewing Plaintiff's statements, the Court finds that they do not sufficiently allege that Plaintiff was in Sheriff Bates's custody at the jail when the order dismissing his manslaughter conviction was entered or thereafter.  In fact, in one place in his amended complaint, Plaintiff specifically alleges that he was in ADOC's custody when the order was entered and subsequent thereto.  As noted supra, in the amended complaint, Plaintiff expressly alleges that "this incident occurred in Marengo County, [h]owever, the plaintiff be incarcerated in Alabama D.O.C. since dismissal. (Doc. 4 at 5).  In addition to not showing that he was in Sheriff Bates's custody during the relevant time period,

9

Plaintiff has not provided facts that suggest that Sheriff Bates was the person obligated to release him from custody at ADOC following the dismissal of the manslaughter charge.

A § 1983 action, however, requires that a causal connection be established between a defendant's actions, omissions, customs, or policies and the deprivation of a plaintiff's constitutional or federal rights in order to state a claim. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). As presented, Plaintiff's allegations against Sheriff Bates do not provide the required causal connection; therefore, they do not state a claim against him. Accordingly, the claims against Sheriff Bates are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

An alternate basis for dismissing Plaintiff's claims against Sheriff Bates is that the allegations do not establish a plausible false imprisonment claim against him. With respect to a false imprisonment claim based on "over-detention . . ., the Due Process Clause of the Fourteenth Amendment guarantees to individuals the right to be free from excessive continued detention after a jail or prison ceases to have a legal right to detain the individual." Powell v. Sheriff, Fulton Cnty., Ga., 2013 WL 842646, at *2 (11th Cir. Mar. 7, 2013) (unpublished).[2]

---

[2]   "Unpublished opinions are not considered binding

To state an over-detention claim under the Fourteenth Amendment, the elements of false imprisonment under common law must be met in addition to establishing a violation of the Fourteenth Amendment's due process rights. See Cannon v. Macon Cnty., 1 F.3d 1558, 1562-63 (11th Cir. 1993).

The elements of common law false imprisonment require: "(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." Id. at 1563 n.3 (citation and quotation marks omitted). And a due process violation requires a showing that the defendant acted with deliberate indifference to the plaintiff's due process rights. West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007). To show deliberate indifference, a plaintiff must establish that a defendant had "(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] ... that risk; (3) by conduct that is more than mere negligence." Id. (citation and quotation marks omitted). "Th[is] deliberate indifference standard is a difficult burden for a plaintiff to meet," because human error does not equate to deliberate indifference. Id. (citations and quotation marks omitted).

Turning to Plaintiff's allegations against Defendant Bates, the Court finds that they do not contain information indicating

precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

that Defendant Bates had knowledge of the dismissal order and then disregarded the order in a manner that is greater than negligence.   To state a claim of false imprisonment against Defendant Bates, Plaintiff would need to have provided specific information that "allow[ed] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The information would need to be more than conclusions so as to  raise the claim from the speculative to the plausible and thereby show that Plaintiff is entitled to relief. Id.; Twombly, 550 U.S. at 555, 557.   In absence of specific information indicating a deliberate indifference by Sheriff Bates, the Court concludes that Plaintiff has failed to state a plausible claim for false imprisonment against Sheriff Bates.

**IV. Conclusion.**

     Based upon the foregoing reasons, it is recommended that Defendant Hardaway be dismissed with prejudice from this action because the claims against him are frivolous and that Defendant Bates be dismissed without prejudice from this action because the claims against him fail to state a claim upon which relief can be granted.  It is further recommended that this action be dismissed in its entirety, prior to service of process, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **June, 2013.**

<u>    /s/ SONJA F. BIVINS    </u><br>
**UNITED STATES MAGISTRATE JUDGE**